1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   IRINA COLLIER,                          Case No.:  23-cv-368-GPC

12                          Plaintiff,       **ORDER GRANTING PLAINTIFF'S**

13   v.                                      **MOTION TO PROCEED IN FORMA**
                                             **PAUPERIS; SUA SPONTE**
14   ROBERTSONS et al.,                      **DISMISSING COMPLAINT; AND**
                                             **DENYING MOTION TO APPOINT**
15                          Defendants.      **COUNSEL AS MOOT**

16

17                                           **[ECF Nos. 2, 3]**

18

19        On February 27, 2023, Plaintiff Irina Collier ("Collier" or "Plaintiff"), proceeding

20   pro se, filed a Complaint against Defendants "Robertsons et al" ("Defendants").[1] ECF

21   No. 1. Plaintiff concurrently filed a Motion to Proceed *in forma pauperis* ("IFP") and a

22

23   _____

24   [1] The Court is unable to decipher exactly who Plaintiff filed suit against. The first page of
     her Complaint identifies the Defendants as "Robertsons et al." ECF No. 1 at 1. The Civil
25   Cover Sheet says "Robinsons et al," which seems to include U.S. District Court Judge
     Todd Robinson; San Diego County Superior Court Judge Alana Robinson; and "Lawyer
26   Chad White." ECF No. 1-1.

27                                           1

28                                                          23-cv-368-GPC

Motion to Appoint Counsel. ECF Nos. 2, 3. For the reasons below, the Court **GRANTS** Plaintiff's Motion to Proceed IFP; *sua sponte* **DISMISSES** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and **DENIES** Plaintiff's Motion to Appoint Counsel as MOOT.

## I.     Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a United States District Court, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating her inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019). Courts may consider the federal poverty guidelines set by the United States Department of Health and Human Services as well as income in the context of overall expenses and other factors, including savings and debts, in ruling on IFP applications. *McKinley v. Cnty. of Fresno*, 2021 WL 3007162, at *1 (E.D. Cal. July 15, 2021).

---

[2] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1
2
3
4
5
6
7
8

Here, the Court finds IFP status is appropriate. Plaintiff's affidavit shows that she receives $6,640 in alimony each month. ECF No. 2 at 1. She states she has not been employed in the past two years and has no money in a checking account. *Id.* at 2. Plaintiff also states she is "in debt every month" and that she does not have enough money for "food and transport and medical care." *Id.* at 5. Thus, the Court finds that Plaintiff has proven she cannot meet court costs and still provide the "necessities of life" for herself and her dependent son. *Soldani*, 2019 WL 2160380, at *1. The Court **GRANTS** Plaintiff's Motion to Proceed IFP.

9

## II. Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)

10
11
12
13
14
15
16
17
18
19

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 JF.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). 28 U.S.C. § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

20
21
22
23
24
25
26

The requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) are analogous to those under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual

27
28

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff's Complaint is difficult to understand. The Complaint caption states the case is for "misuse of the Government privilege to seal to cover up crimes, 13th violations, DVRO violations, [illegible]." ECF No. 1 at 1. She states that "[a]ll of the Defendants in this and the related cases conspired in attempted elimination of the Plaintiff's family as part of the clandestine internal terror activity, theologically based." *Id.* at 2. She requests that the Court "apply ex parte law in DVRO violations," "stop Robinsons et al. from misusing VA military power to injure Plaintiff's family with intent to eliminate," "investigate the misuse of government seal," "subpoena internal investigations in this and all prior enclosed cases," "unmask undercover agents used by the opposition to subvert state and US laws," "stop pre-meditated deadly harms to the Plaintiff's family," "stop online education scam," "apply rules of law and rules of evidence," "vacate arrest of plaintiff, habeas corpus law was broken,"[3] "unmask Chad White as a lawyer for the opposition," "restrain co-conspirators and their lawyers engaged in breaking all laws in their [illegible] in order to harm Plaintiff's family." *Id.* at 3-4.

28 U.S.C. § 1915(e)(2)(B)(i) allows courts to dismiss a claim filed IFP if it is frivolous. A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). In the most succinct form, Plaintiff's Complaint appears to allege that the Defendants "united to cover up crimes of internal terrorism." *Id.* at 1. The Civil Cover Sheet alleges violations of 10 U.S.C. § 920,

---

[3] Plaintiff does not appear to be presently incarcerated.

18 U.S.C. § 1017, 18 U.S.C. § 77, VAWA Act. ECF No. 1-1. She states that the government misused the "privilege seal to cover up rape." *Id.* Because the Court struggles to make sense of the factual allegations and legal theories Plaintiff intends to pursue, the Court finds her factual allegations do not support any cause of action and her legal conclusions do not seem viable.

Further, IFP complaints that are "[d]uplicative or repetitious litigation of virtually identical causes of action [are] subject to dismissal." *Anderson Adams v. Hernandez*, 1993 WL 548812, at *2 (N.D. Cal. Dec. 21, 1993). "Where a plaintiff repeats pending or previously litigated claims, it is proper to dismiss it as frivolous under 28 U.S.C. § 1915." *Collier v. Collier*, 2023 WL 1767012, at *3 (S.D. Cal. Feb. 3, 2023) (citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)). "'[I]n assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same.'" *Id.* (quoting *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007)).

As stated by Judge Sabraw, Plaintiff Collier's claims "are not new to the federal courts." *Collier*, 2023 WL 1767012, at *3. Plaintiff has brought "nearly identical claims before the Northern District of California, the Ninth Circuit, the Federal Circuit, and the United States Supreme Court." *Id.* In addition, Plaintiff has brought multiple actions in the Southern District of California. *See e.g.*, *Collier v. White*, 23-cv-385 (S.D. Cal.); *Collier v. Collier*, 23-cv-170 (S.D. Cal.). In this action, Plaintiff brings suit against Judge Todd Robinson, Judge Alana Robinson, and Lawyer Charles White—Defendants Judge Todd Robinson and Judge Alana Robinson have not been sued in this District; however, Chad White has been sued by Plaintiff in this District. *See Collier v. White*, 23-cv-385 (S.D. Cal.). Although it is difficult to make out Plaintiff's cause(s) of action, it appears this action, like the others filed by Collier, "stem[s] from a California family law matter." *Collier*, 2023 WL 1767012, at *3. Plaintiff seems to allege various federal violations

(e.g., 10 U.S.C. § 920; VAWA, (*see* ECF No. 1-1)), but "the underlying conduct stems from an alleged disagreement regarding child custody." *Id.* These claims have been presented in this District and others, and have repeatedly been dismissed as frivolous. Thus, the Court finds Plaintiff's Complaint shall be **DISMISSED WITH PREJUDICE** and without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

**CONCLUSION**

For the reasons above, Plaintiff's Motion to Proceed IFP is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE** and without leave to amend. Plaintiff's Motion for Appointment of Counsel is hereby **DENIED** as MOOT.

**IT IS SO ORDERED.**

Dated:  March 14, 2023

Hon. Gonzalo P. Curiel
United States District Judge

23-cv-368-GPC